## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| **QUENTIN T. GITTENS** ) | |
| 1300 Ryland Avenue ) | |
| Cincinnati, OH 45237 ) | *Electronically Filed* |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. _____ |
| VS. ) | |
| ) | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.** ) | |
| 1000 FedEx Drive ) | **COMPLAINT WITH JURY** |
| Moon Township, PA 15108 ) | **DEMAND** |
| ) | |
| *Serve Registered Agent* ) | |
| **CT Corporation System** ) | |
| 306 West Main Street, Suite 512 ) | |
| Frankfort, KY 40601 ) | |
| ) | |
| **Defendant.** ) | |

Comes now the Plaintiff, Quentin T. Gittens, by and through counsel, and for his claim for relief states as follows:

### PARTIES/ JURISDICTION/ VENUE

1. Plaintiff, Quentin T. Gittens, (hereinafter "Plaintiff" or "Mr. Gittens") is a citizen and resident of the State of Ohio at the address listed in the caption.

2. At all times relevant hereto, Defendant, FedEx Ground Package System, Inc. (hereinafter "Defendant" or "FedEx Ground") is a Delaware Corporation with its principal office in Pennsylvania and licensed to do business in the Commonwealth of Kentucky.

3. At all times relevant hereto, Mr. Gittens was an "employee" as that term is defined under applicable federal and state law, including but not necessarily limited to 42 U.S.C. § 2000e, 29 U.S.C. § 2611, and KRS § 344.030.

4.  At all times relevant hereto, Defendant was an "employer" as that term is defined under applicable federal and state law, including but not necessarily limited to 42 U.S.C. § 2000e, 29 U.S.C. § 2611, and KRS § 344.030.

5.  Defendant is subject to the personal jurisdiction of this Court.

6.  This Court has subject matter jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. § 1367, as those state claims are so related to the federal claims that they form part of the same case or controversy.

7.  Venue is proper in the Eastern District of Kentucky pursuant to 28 U.S.C.A. §1391(b) in that all or a substantial part of the events giving rise to these claims occurred within this District.

## STATEMENT OF RELEVANT FACTS

8.  Mr. Gittens worked for FedEx Ground as an Operations Manager from in or around March 2014 until his involuntary termination on or about February 28, 2016.

9.  On or about July 15, 2015, Mr. Gittens was injured at work when a steel axel fell into him as he opened a trailer. Management was timely put on notice of the incident.

10. On or about August 11, 2015 and because his injuries had not healed and his condition had not improved, Mr. Gittens sought medical attention for his injuries.

11. On or about August 11, 2015, Mr. Gittens gave Defendant a note from his doctor, taking him off work through August 19, 2015.

12. Despite the note from his doctor, Defendant coerced Mr. Gittens into working "light duty" on or about August 11, 2015. After attempting to work and after Defendant insisted that Mr. Gittens do more than "light duty", Mr. Gittens advised management that he was in too

much pain to continue working and informed Defendant that he was going to take the week off as directed by his doctor.

13. On or about August 13, 2015, Mr. Gittens filed a workers' compensation claim with Defendant related to the injuries he sustained in the July 15, 2015 incident.

14. On or about August 18, 2015, Mr. Gittens received a note from his doctor ordering him to remain off work through the end of the month.  Mr. Gittens timely presented this note to Defendant.

15. Mr. Gittens' doctor released him to return to work on September 1, 2015 with restrictions, including a restriction that prohibited him from "lifting/pushing/pulling".

16. In or around November 2015, Mr. Gittens requested and was granted intermittent FMLA leave to care for his wife.

17. In or around November 2015 and because Defendant had asked Mr. Gittens and others to work more and more hours on Sundays and because that was interfering with his religious obligations, Mr. Gittens requested and received an accommodation that allowed him to attend church services and other church-related activities on Sundays.

18. From August 2015 through February 2016 and although Mr. Gittens was consistently working in excess of 50 hours per week, management regularly harassed and expressed frustration with Mr. Gittens because of his physical limitations and his use of FMLA leave and leave pursuant to his request for a religious accommodation.

19. On or about February 25-26, 2016, Mr. Gittens used his intermittent FMLA leave for the final time to assist his wife.

20. On or about February 28, 2016, Mr. Gittens was terminated.

21. Within 300 days of his termination, Mr. Gittens filed a Charge of Discrimination with the Kentucky Commission on Human Rights asserting discrimination based on race, religion, and disability and asserting retaliation.

22. On September 8, 2016, the EEOC mailed Mr. Gittens a Right to Sue letter.

## COUNT I
## RETALIATION
### Violation of 42 U.S.C. § 2000e, et seq. and KRS § 344.010, et seq.

23. Plaintiff incorporates the allegations set forth above as if fully restated herein.

24. Mr. Gittens engaged in protected activity when he requested a religious accommodation that would allow him time off work to attend Sunday church services and other church-related activities.

25. After Mr. Gittens requested a religious accommodation and because Mr. Gittens requested a religious accommodation, he was harassed, terminated, and otherwise discriminated against in violation of 42 U.S.C. § 2000e, et seq. and KRS § 344.010, et seq.

26. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress and mental anxiety for which he should be compensated.

## COUNT II
## FMLA RETALIATION
### Violation of 29 U.S.C. §2601, et seq.

27. Plaintiff incorporates the allegations set forth above as if fully restated herein.

28. Mr. Gittens notified Defendant of his need for time off under the Family Medical Leave Act.

29. After Mr. Gittens notified Defendant of his need for time off under the Family Medical Leave Act and because Mr. Gittens notified Defendant of his need for time off under the

Family Medical Leave Act, he was harassed, terminated, and otherwise discriminated against in violation of 29 U.S.C. § 2601, et seq.

30. Defendant's constitute a willful violation of the FMLA, 29 U.S.C. § 2601 et seq.

31. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits for which he should be compensated.

## COUNT III
### WORKERS' COMPENSATION RETALIATION
### Violation of KRS § 342.197

32. Plaintiff incorporates the allegations set forth above as if fully restated herein.

33. Mr. Gittens engaged in protected activity when he filed a workers' compensation claim with Defendant.

34. After Mr. Gittens filed a workers' compensation claim with Defendant and because Mr. Gittens filed a workers' compensation claim with Defendant, he was harassed, terminated, and otherwise discriminated against in violation of KRS § 342.197.

35. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress and mental anxiety for which he should be compensated.

**WHEREFORE**, Plaintiff demands judgment against Defendant, in an amount to be determined at trial, as follows:

A. That Plaintiff be awarded all lost pay and benefits;

B. That Plaintiff be awarded compensatory damages;

C. That Plaintiff be awarded liquidated damages;

D.	That Plaintiff be awarded punitive damages;

E.	That Plaintiff be awarded pre- and post-judgment interest at the rate allowed by law;

F.	That Plaintiff be awarded his attorney fees and costs incurred in the investigation and prosecution of this matter;

G.	That Plaintiff be awarded such other and further relief which the Court deems just, proper and equitable under the circumstances.

>	Respectfully submitted,
>
>	B. DAHLENBURG BONAR, P.S.C.
>
>	s/Anthony J. Bucher
>	Anthony J. Bucher (KBA #87126)
>	3611 Decoursey Avenue
>	Covington, Kentucky 41015
>	Ph: (859) 431-3333
>	tbucher@lawatbdb.com

## JURY DEMAND

Plaintiff herein demands a trial by jury.

>	s/Anthony J. Bucher
>	Anthony J. Bucher